```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TEXAS
                     BEAUMONT DIVISION
```

| | | |
|---|---|---|
| GEORGE LUIS GUZMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv851 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Movant George Luis Guzman, a prisoner confined at the Federal Correctional Institution in Oakdale, Louisiana, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

On October 16, 2003, following a jury trial in the United States District Court for the Western District of Texas, Midland Division, movant was convicted of various drug offenses. Movant was sentenced to a term of 327 months imprisonment to be followed by eight years supervised release.

Movant brings this motion to vacate sentence asserting he was denied effective assistance of counsel, he was denied the ability

to use an entrapment defense, the district court erred in its instructions to the jury, and his conduct does not constitute constructive possession and/or distribution of contraband.

## Analysis

A Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, by contrast, is the proper means to attack the manner in which a sentence is being executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

Because the error of which movant complains pertains to the conviction, it must be addressed in a § 2255 motion, and the only court with jurisdiction to hear that is the court that sentenced him, i.e., the United States District Court for the Western District of Texas. *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680 (5th Cir. 1997). Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After consideration of all relevant factors, the undersigned is of the opinion that it would be in the interest of justice to transfer this action to the convicting court, the

Western District of Texas, Midland Division.  An appropriate order so providing will be entered by the undersigned.

**SIGNED** this <u>  7  </u> day of <u>      February      </u>, 2006.

                                                   KEITH F. GIBLIN
                                                   UNITED STATES MAGISTRATE JUDGE